UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| TD BANK, N.A., | : Case No.: 1:25-cv-03574 |
| Plaintiff, | : |
| -against- | : |
| EDWARD HAROLD KING, | : **COMPLAINT** |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff TD Bank, N.A. ("*TD Bank*") alleges for its Complaint against Defendant Edward Harold King ("*King*") as follows:

## PRELIMINARY STATEMENT

1. This is an action to recover the sum of not less than $1,918.171.17, plus reasonable attorney's fees and costs TD Bank incurred as a direct result King's overdraft of a personal TD Bank deposit account ("*King Account*").

2. Under the express terms of the TD Bank Personal Deposit Agreement ("*Account Agreement*") that governs the King Account, King agreed to immediately cure any overdraft and further agreed that he was responsible for tracking outgoing expenses to avoid an overdraft of the King Account.

3. Additionally, under the express terms of Account Agreement, TD Bank is entitled to legal fees and costs related to the collection efforts in connection with an overdrawn account.

## PARTIES

4. Plaintiff TD Bank is a national association with its articles of association designated its location as the State of Delaware.

5. Upon information and belief, Defendant Edward Harold King is a resident of the State of New York, who resides at 73 Bainbridge Street, Brooklyn, New York, 11233.

## VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as this dispute is between a national association with residency in the State of Delaware and an individual whose principal residence is located in the State of New York, and the amount in controversy exceeds $75,000.

7. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(1) and 1391(b)(2) because defendant King resides in the Eastern District of New York and a substantial part of the events and omissions that give rise to TD Bank's causes of action occurred within the Eastern District of New York.

8. Under the terms of the Account Agreement, disputes or controversies arsing from the Account Agreement shall be governed by the laws of the state in which the customer opened an account. King opened the King Account in the State of New York.

## BACKGROUND

9. On February 27, 2025, TD Bank received notice of a fraud alert from Northfield Savings Bank ("***Northfield Bank***") in connection with an $850,000 wire King initiated to a Northfield Bank account holder named Yechiel Sprei. TD Bank immediately placed a hold on the King Account because of the fraud alert from Northfield Bank.

10. After communicating with King and Northfield Bank on February 27, 2025 and February 28, 2025, TD Bank lifted the hold on the King Account but issued a recall on the $850,000 wire to Sprei at Northfield Bank's recommendation.

11. After the hold was lifted, outgoing checks and transfers initiated by King before the hold was placed processed.

12. King also visited a TD Bank branch on February 28, 2025 and made three additional payments and withdrawals totalling $2,706,000.

13. The total withdrawals that processed after the hold was lifted, together with the three withdrawals initiated by King created a negative balance in the King Account totalling $2,767,569.07. The balance was reduced to $1,918.171.17 (the "*Overdraft*") after the recall of the $850,000 wire transfer was credited to the King Account.

14. TD Bank delivered, and King continued to receive, accounts statements for the King Account from March 3, 3025 to May 5, 2025. At no time did King dispute or object to the Overdraft amount listed in the account statements.

15. The King Account is governed by the Account Agreement.

16. By operating and maintaining an account with TD Bank, a customer agrees to be bound by the Account Agreement. *See*, Exhibit A, Account Agreement, at p. 4.

17. Under the express terms of the Account Agreement, King is required to immediately cure all overdrafts of the King Account:

> If the debit [ie, withdrawal] creates an overdraft in your Account, you will owe us the amount of the overdraft plus any overdraft fees when appliable.

*Id.* at p. 6.

> If you overdraw your account, you must immediately pay all fees, overdrafts and other amounts you owe us. These amounts may be

>> paid out of any subsequent deposit to your account.

*Id.* at p. 11.

18. King is also responsible for tracking all account transactions of the King Account and avoiding an overdraft:

> Your available Account balance may change during the course of a day as transactions occur. The available Account balance provided to you by the Bank may not include all of your transactions, such as checks you have written that have not yet cleared or upcoming automatic payments.
>
> You agree that it is your responsibility to keep track of your transactions as you make them in order to avoid overdrafts and fees.

*Id.* at p. 9

19. TD Bank is entitled to legal fees and costs incurred in connection with recovery of the overdraft amount owed by King:

> You agree to pay us, when we ask you, all of our costs of collecting an overdraft, to the fullest extent permitted by applicable law. These costs include, but are not limited to, our legal fees and expenses.

*Id.* at p. 12.

20. TD Bank further reserves the right to place a hold on deposit accounts and suspend transactions in such accounts upon receiving notice of a claim or dispute:

> If we receive notice of any claim or dispute or of any legal proceeding we reasonably believe involves you or any of your Accounts, in our discretion we may suspend transactions on any Account which we believe to be affected until final determination of the claim or proceeding. We may place a hold on any funds in the Account and suspend transactions whether the affected Account is in the name of a single depositor only or is a joint Account.

*Id.* at p. 23 at ("Adverse Claims; Interpleader; Legal Process").

21. To date, King has not remitted any portion of the $1,918.171.17 Overdraft despite the express requirement to immediately cure any overdraft balance, as stated in the Account Agreement King agreed to when he opened the King Account.

## **CAUSES OF ACTION**

### **FIRST CAUSE OF ACTION**
**(Breach of Contract)**

22. TD Bank repeats and realleges each and every allegation set forth within Paragraphs 1 through 21 of this Complaint.

23. By opening and maintaining the King Account with TD Bank, King agreed that the King Account would be governed by the Account Agreement and all amendments thereto.

24. The $1,918.171.17 Overdraft was the direct result of King issuing payments that far exceeded the available balance held by the King Account from February 27, 2025 to March 3, 2025.

25. Under the Account agreement, it is King's responsibility to avoid overdrafts of the King Account.

26. The Account Agreement obligates King to immediately cure the $1,918.171.17 Overdraft.

27. The Account Agreement constitutes an enforceable contract.

28. King has materially breached the Account Agreement by failing to cure the $1,918.171.17 Overdraft.

29. TD Bank has incurred and will continue to incur significant legal fees and costs associated with its enforcement of the Account Agreement as a direct result of King's breach of his contractual obligations.

30. TD Bank has been damaged as a result of King's material breach of the Account Agreement in an amount to be determined at trial, but in no event less than $1,918.171.17, together with statutory pre-judgment and post-judgment interest, and attorney's fees and costs incurred from enforcement of the Account Agreement.

### SECOND CAUSE OF ACTION
### (Account Stated)

31. TD Bank repeats and realleges each and every allegation set forth within Paragraphs 1 through 30 of this Complaint.

32. From March 3, 2025 to May 5, 2025 TD Bank issued account statements for the King Account providing the exact amount of the Overdraft amount as of March 3, 2025.

33. Each account statement was made available to King, and he received the account statements without dispute or objection.

34. Despite receipt of monthly account statements providing notice of the amount owed to TD Bank, King has refused and failed to remit payment of the Overdraft.

35. TD Bank has been damaged by King's failure to pay the Overdraft in an amount to be determined at trial, but in no event less than $1,918.171.17, together with statutory pre-judgment and post-judgment interest, and attorney's fees and costs incurred from enforcement of the Account Application and Account Agreement.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment)

36. TD Bank repeats and realleges each and every allegation set forth within Paragraphs 1 through 35 of this Complaint.

37. In the alternative, and without waiver of the foregoing causes of action, King benefitted from the services and resources TD Bank provided to King.

38. Through King's retention of the benefit of TD Bank's services without curing the $1,918.171.17 Overdraft, King has been unjustly enriched.

39. TD Bank has been damaged by King's unjust enrichment in an amount to be determined at trial, but in no event less than $1,918.171.17, together with statutory pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**(Promissory Estoppel)**

40. TD Bank repeats and realleges each and every allegation set forth within Paragraphs 1 through 39 of this Complaint.

41. In the alternative, and without waiver of the foregoing causes of action, by opening the account, King represented to TD Bank that he would be subject to the Account Agreement, including that he would cure any overdraft of the King Account for the services and resources TD Bank provided to King.

42. TD Bank reasonably and substantially relied on King's representations by opening the King Account and providing banking services and resources to King.

43. King knew or should have known that TD Bank would rely on King's representations in the Account Agreement, affirming that he would cure any overdraft of the King Account.

44. TD Bank's reasonable and foreseeable reliance on King's representations has resulted in damages an amount to be determined at trial, but in no event less than $1,918.171.17, together with statutory pre-judgment and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, TD Bank requests that this Court enter judgment in TD Bank's favor and against King as follows:

(i) On TD Bank's First Cause of Action, granting TD Bank an amount to be determined at trial, but in no event less than $1,918.171.17, together with statutory pre-judgment and post-judgment interest, and attorney's fees and costs incurred from enforcement of the Account Application and Account Agreement.

(ii) On TD Bank's Second Cause of Action, granting TD Bank an amount to be determined at trial, but in no event less than $1,918.171.17, together with statutory pre-judgment and post-judgment interest, and attorney's fees and costs incurred from enforcement of the Account Application and Account Agreement.

(iii) On TD Bank's Third Cause of Action, granting TD Bank an amount to be determined at trial, but in no event less than $1,918.171.17, together with statutory pre-judgment and post-judgment interest.

(iv) On TD Bank's Fourth Cause of Action, granting TD Bank an amount to be determined at trial, but in no event less than $1,918.171.17, together with statutory pre-judgment and post-judgment interest.

(v) Awarding TD Bank recovery of its costs associated with this action, including but nit limited to, reasonable attorney's fees and costs; and

(vi) Awarding TD Bank such further relief as the Court deems just and proper.

Dated: June 26, 2025
          New York, New York

**DUANE MORRIS LLP**

By: _____

Nelson M. Stewart
22 Vanderbilt, 335 Madison Avenue
New York, New York 10169
Phone: (212) 404-8767
Email: nmstewart@duanemorris.com
*Attorneys for Defendant TD Bank, N.A*