UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TD BANK, N.A.,

Plaintiff,

-against-

EDWARD HAROLD KING,

Defendant.

Case No. 1:25-cv-03574

**ANSWER**

Defendant, Edward Harold King ("Defendant"), by and through his attorneys, Rosenberg & Estis, P.C., as and for his answer to Plaintiff TD Bank, N.A.'s ("Plaintiff") complaint, dated June 26, 2025 (the "Complaint"), alleges as follows:

1.      Denies the allegations set forth in paragraphs 1, 2, 3, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20 and 21 of the Complaint, and respectfully refers the Court to the document(s) referred to therein for its/their content, terms, and legal effect, and refers all questions and conclusions of law to the Court.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

3.      Admits the allegations set forth in paragraph 5 of the Complaint.

4.      With respect to paragraphs 6 and 7 of the Complaint, no response is required, as such paragraphs only set forth conclusions of law. To the extent a response is required, Defendant denies the allegations therein and respectfully refers all questions and conclusions of law to the Court.

5.      With respect to paragraph 12 of the Complaint, admits only that Defendant "visited a TD Bank branch of February 28, 2025". Defendant denies the remaining allegations set forth in paragraphs 12 of the Complaint, and respectfully refers the Court to the document(s)

referred to therein for its/their content, terms, and legal effect, and refers all questions and conclusions of law to the Court.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

6. With respect to paragraph 22 of the Complaint, which realleges all prior allegations in the Complaint, Defendant repeats and realleges each responsive allegation made herein.

7. Denies the allegations set forth in paragraphs 23, 24, 25, 26 and 27 of the Complaint, and respectfully refers the Court to the document(s) referred to therein for its/their content, terms, and legal effect, and refers all questions and conclusions of law to the Court.

8. With respect to paragraph 28 of the Complaint, no response is required, as such paragraph only sets forth conclusions of law. To the extent a response is required, Defendant denies the allegations therein and respectfully refers all questions and conclusions of law to the Court.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

10. With respect to paragraph 30 of the Complaint, no response is required, as such paragraph only sets forth conclusions of law. To the extent a response is required, Defendant denies the allegations therein and respectfully refers all questions and conclusions of law to the Court.

RE\44154\0001\6108573v1

## SECOND CAUSE OF ACTION
### (Account Stated)

11.     With respect to paragraph 31 of the Complaint, which realleges all prior allegations in the Complaint, Defendant repeats and realleges each responsive allegation made herein.

12.     Denies the allegations set forth in paragraphs 32, 33 and 34 of the Complaint, and respectfully refers the Court to the document(s) referred to therein for its/their content, terms, and legal effect, and refers all questions and conclusions of law to the Court.

13.     With respect to paragraph 35 of the Complaint, no response is required, as such paragraph only sets forth conclusions of law.  To the extent a response is required, Defendant denies the allegations therein and respectfully refers all questions and conclusions of law to the Court.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

14.     With respect to paragraph 36 of the Complaint, which realleges all prior allegations in the Complaint, Defendant repeats and realleges each responsive allegation made herein.

15.     With respect to paragraphs 37, 38 and 39 of the Complaint, no response is required, as such paragraphs only sets forth conclusions of law.  To the extent a response is required, Defendant denies the allegations therein and respectfully refers all questions and conclusions of law to the Court.

RE\44154\0001\6108573v1

## FOURTH CAUSE OF ACTION
### (Promissory Estoppel)

16. With respect to paragraph 40 of the Complaint, which realleges all prior allegations in the Complaint, Defendant repeats and realleges each responsive allegation made herein.

17. Denies the allegations set forth in paragraph 41 of the Complaint, and respectfully refers the Court to the document(s) referred to therein for its/their content, terms, and legal effect, and refers all questions and conclusions of law to the Court.

18. With respect to paragraphs 42, 43 and 44 of the Complaint, no response is required, as such paragraphs only sets forth conclusions of law. To the extent a response is required, Defendant denies the allegations therein and respectfully refers all questions and conclusions of law to the Court.

## FIRST AFFIRMATIVE DEFENSE

19. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

20. The Complaint is defeated, in whole or in part, by documentary evidence and/or is barred or precluded by a defense founded upon documentary evidence, including, but not limited to, the TD Bank Personal Deposit Agreement.

## THIRD AFFIRMATIVE DEFENSE

21. Defendant at all times acted in good faith.

RE\44154\0001\6108573v1

<h3 align="center">FOURTH AFFIRMATIVE DEFENSE</h3>

22.     The Complaint is barred, in whole or in part, to the extent that the claims set forth therein are the result of Plaintiff's own acts and/or omissions, including, but not limited to, failure to perform under the TD Bank Personal Deposit Agreement.

<h3 align="center">FIFTH AFFIRMATIVE DEFENSE</h3>

23.     The Complaint is barred, in whole or in part, by Plaintiff's own breaches of the TD Bank Personal Deposit Agreement.

<h3 align="center">SIXTH AFFIRMATIVE DEFENSE</h3>

24.     Defendant hereby reserves and asserts all affirmative defenses available under any applicable law.  Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable defenses as they are or may become available.  Defendant does not presently have sufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, affirmative defenses.  Defendant reserves the right to amend its answer and/or assert additional affirmative defenses, including, *inter alia*, in the event that discovery or further investigation indicates or reveals that such defenses would be applicable.

**WHEREFORE**, Defendant requests a judgment dismissing the Complaint and awarding Defendant such other and further relief as the Court deems just and proper.

Dated:   New York, New York
       September 11, 2025

**ROSENBERG & ESTIS, P.C.**
*Attorneys for Defendant*

By:   /s/ Benjamin Z. Koblentz
     Benjamin Z. Koblentz
733 Third Avenue
New York, New York 10017
(212) 551-8422
bkoblentz@rosenbergestis.com

RE\44154\0001\6108573v1