UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TD BANK, N.A.,

                     Plaintiff,

-against-

EDWARD HAROLD KING,

                     Defendant.

Docket No. 1:25-cv-03574

**DECLARATION OF
BENJAMIN Z. KOBLENTZ
IN SUPPORT OF MOTION BY
ROSENBERG & ESTIS, P.C.,
TO WITHDRAW AS COUNSEL**

       I, BENJAMIN Z. KOBLENTZ, hereby declare as follows:

       1.      I am a member of the law firm Rosenberg & Estis, P.C. ("R&E"), attorneys for defendant, Edward Harold King ("Defendant"). As such, I am fully familiar with the facts and circumstances set forth below.

       2.      I respectfully submit this declaration in support of R&E's motion for an order (1) pursuant to Local Civil Rule 1.4, to withdraw as counsel of record on behalf of Defendant; (2) for a stay of all proceedings, from the time of filing of this motion and for a length of time within the Court's discretion, to provide Defendant with time to retain new counsel; and (3) for such other and further relief as the Court deems just and proper.

       3.      Under Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, "[a]n attorney who has appeared as attorney of record for a party may be relieved or displaced…upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any on the calendar."

       4.      Accordingly, "[w]hen considering whether to grant a motion to withdraw, district courts must thus analyze two factors: the reasons for withdrawal and the impact of the withdrawal

on the timing of the proceeding." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 2011 WL 672245 at *1 (S.D.N.Y. Feb 17, 2011).

5. "[C]ourts within this district have consistently held that, while Local Rule 1.4 requires a court order to withdraw, when a party agrees to terminate counsel, the order to withdraw should issue except under the most compelling circumstances." *Gatsby Yacht Group, LLC v. M/Y "EAST BOUND & DOWN,"*, 2020 WL 13581726 at *1 (E.D.N.Y. Oct. 16, 2020) (citation omitted). In addition, "Rule 1.7 of the New York Rules of Professional Conduct precludes a lawyer from engaging in representation where 'representation will involve the lawyer in representing differing interests.'" *Pergament v. Ladak*, 2013 WL 3810188 at *4 (E.D.N.Y. July 23, 2013) (quoting 22 N.Y.C.R.R. § 1200.0); *see also Gatsby Yacht Group*, 2020 WL 13581726 at *1 ("In this case, Ludwin advises that a potential conflict of interest has arisen between the intervenor-plaintiffs and counsel. Moreover, none of the intervenor-plaintiffs have waived the conflict. Indeed, the plaintiff and two of the intervenor-plaintiffs consents to the request. Accordingly, Ludwin has demonstrated satisfactory justification for the motions to withdraw").

6. "Courts in this district have also found that a breakdown in the attorney-client relationship constitutes good cause to withdraw from representation." *Santiago v. Cuisine By Claudette, LLC*, 2024 WL 4706998 at *2 (citing *Papadatos v. Home Depot U.S.A, Inc.*, 2022 WL 2612353, at *2 [E.D.N.Y. Jun. 10, 2022]) (granting motion to withdraw where "[p]laintiff's refusal to cooperate and work with [his lawyer] regarding substantive issues in [the case] have impacted [his lawyer's] ability to effectively represent plaintiff"); *see also Tokarz v. LOT Polish Airlines*, 2005 WL 8161165, at *2 (E.D.N.Y. Jun. 20, 2005) (finding good cause for withdrawal where the relationship between the client and their counsel has deteriorated, in addition to non-payment of

legal fees); *Blue Angel*, 2011 WL 672245, at *2-3 (S.D.N.Y. Feb. 17, 2011) (granting withdrawal where "both elements – lack of payment and lack of communication by the client – are present").

7. Here, Defendant has requested that R&E implead an additional individual and/or entity into the action as a third-party defendant (the "Third-Party Defendant"). R&E currently represents the interests of this Third-Party Defendant in several other matters. Thus, the joinder of this Third-Party Defendant will create an adverse relationship with Defendant, both of whom are R&E's clients. To preserve its ethical obligations to both of its clients, R&E respectfully requests that the Court grant its application to withdraw. Defendant has consented to R&E's withdrawal as counsel.

8. Should the Court grant R&E's application, the withdrawal will have minimal impact on this proceeding. While R&E's withdrawal may result in some delay of the Court's current discovery schedule, the initial conference was only held in late October 2025, and the parties will have ample time to prepare for trial. Further, the parties have only exchanged their initial disclosures, and Plaintiff has served its discovery demands. Accordingly, this case is still in its early stages, and the parties will have ample time to complete discovery in a timely fashion. *See Santiago*, 2024 WL 4706998 at *2 ("While granting Mr. Nolan's motion to withdraw will certainly delay these proceedings further, the current posture of this case still favors withdrawal."); *see also Stair v. Calhoun*, 722 F. Supp. 2d 258, 265 (granting withdrawal where "the litigation has only passed the motion to dismiss stage"); *Karimian v. Time Equities, Inc.*, 2011 WL 1900092 at *3 (S.D.N.Y. May 11, 2011) (granting withdrawal where "substantial discovery has taken place, discovery has not yet closed, and trial is still several months away"); *Delgado v. Donald J. Trump for President, Inc.*, 2023 WL 2975155 at *3 (S.D.N.Y. Mar. 10, 2023) (granting withdrawal where case is still in discovery and no trial has been scheduled).

9. Finally, R&E respectfully requests that the Court issue a stay of proceedings, from the time of the filing of this application and for a length of time within the Court's discretion, to provide Defendant with sufficient time to retain new counsel or proceed *pro se*. "Courts often find it appropriate to grant a short stay in order to alleviate any possible prejudice to the client whose counsel is withdrawing and allow the client time to find new counsel." *Coreas v. Angeles Beauty Salon, Inc.*, 2025 WL 2308862, at *3 (E.D.N.Y. Jul. 7, 2025); *see also Karimian v. Time Equities, Inc.*, 2011 WL 1900092, at *4 (S.D.N.Y. May 11, 2011) (noting a stay of proceedings was "an appropriate means of alleviating any possible prejudice"); *Allen v. Krucial Staffing*, 2022 WL 2106447, at *2 (S.D.N.Y. Jun. 9, 2022) (granting a thirty-day stay of proceedings after granting a motion to withdraw to ensure that plaintiffs have time to retain new counsel or decide to proceed *pro se*). An immediate stay of proceedings is necessary, as Defendant has a continuing responsibility to follow the deadlines set forth in the Court's case schedule set at the October 28, 2025 initial conference, including the January 23, 2026 joinder deadline.[1]

10. As set forth herein, R&E has established its entitlement to a temporary stay of the proceedings pending the adjudication of this application. *See Cooper v. Fire & Ice Trucking, Corp.*, 783 F.Supp.3d 744, 746 (E.D.N.Y. May 19, 2025) ("The Court finds that the issuance of the temporary restraining order ('TRO') is warranted because Defendants have shown: (i) irreparable harm, (ii) sufficiently serious questions going to the merits and a balance of hardships decidedly favoring Defendants, and (iii) that issuance of the TRO is in the public interest"). R&E has demonstrated its likelihood of success on the merits, given the conflict of interest as set forth herein, and Defendant's consent to R&E's withdrawal as counsel. Further, in the event that a

---

[1] R&E's initial application for the relief sought herein was filed on January 23, 2026 (*see* ECF No. 21). In accordance with the Court's directive, R&E has amended that filing and respectfully requests that the Court stay proceedings as of January 23, 2026.

- 4 -

temporary stay is not granted, Defendant will suffer irreparable harm because he will have to proceed with the current case schedule without sufficient time to retain new counsel. Finally, the balancing of equities favors a temporary stay given the prejudice to Defendant in the absence of a stay to provide him with time to retain new counsel, weighed against the lack of prejudice to Plaintiff from the slight delay of administration of this action, which is still in the early stages of discovery.

11. R&E is not asserting a retaining or charging lien.

12. No prior request for the relief sought herein has been made, except the version of this application that was filed on January 23, 2026 (*see* ECF No. 21).

13. I, therefore, respectfully request that the Court grant the present application, permit R&E to withdraw as counsel for Defendant, and issue a stay of all proceedings, from January 23, 2026 and for a length of time within the Court's discretion, to provide Defendant with sufficient time to retain new counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York  
       January 29, 2026

**ROSENBERG & ESTIS, P.C.**  
*Attorneys for Defendant Edward Harold King*

By: _____  
Benjamin Z. Koblentz, Esq.  
11 Grand Central East  
New York, New York 10017  
Direct: (212) 866-5000  
Fax: (212) 551-8466  
bkoblentz@rosenbergestis.com